IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THAD THOMPSON #A5013250, | ) | CIV. NO. 17-00002 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER PROVISIONALLY |
| | ) | GRANTING IN FORMA PAUPERIS |
| vs. | ) | APPLICATION AND DIRECTING |
| | ) | SERVICE |
| CITY AND COUNTY OF | ) | |
| HONOLULU, HALAWA CORR. | ) | |
| FACILITY, HENRY HOPE, | ) | |
| BRANDON SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER PROVISIONALLY GRANTING IN FORMA PAUPERIS
APPLICATION AND DIRECTING SERVICE**

Before the Court is pro se Plaintiff Thad Thompson's prisoner civil rights

Complaint and in forma pauperis ("IFP") application.  ECF Nos. 1, 2.  Thompson

names the City and County of Honolulu, the Halawa Correctional Facility

("HCF"), and HCF correctional officers ("CO") Sergeant Henry Hope and

Brandon Smith as Defendants.  He alleges Defendants violated his rights to access

the court and redress his grievances; he seeks relief under 42 U.S.C. § 1983.

For the following reasons, Thompson's IFP application is provisionally

GRANTED, subject to prison officials filing a certified account statement showing

that Thompson is indigent.  HCF and the City and County of Honolulu are

DISMISSED.

Thompson is DIRECTED to effect service on Defendants Henry Hope and

Brandon Smith by mailing a copy of the Complaint and completed service

documents to the United States Marshal.  After service is effected, Hope and

Smith SHALL file a response to Thompson's Complaint.

## I. <u>LEGAL STANDARD</u>

The court must screen all prisoner civil actions seeking redress from a

governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  Complaints or

claims that are frivolous, malicious, fail to state a claim, or seek relief from an

immune defendant must be dismissed.  28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A(b); 42 U.S.C. § 1997e(c)(1).  During screening, the court sets conclusory

factual allegations aside, accepts non-conclusory factual allegations as true, and

determines whether these allegations state a plausible claim for relief.  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  Plausibility does not mean "probability," but it requires "more

than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.

To state a claim, a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Courts must construe pro se pleadings liberally "to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).

## II.  BACKGROUND

Thompson has another federal civil lawsuit pending before this Court.  *See Thompson v. Afamasaga*, Civ. No. 1:16-cv-00128 JMS/KSC (D. Haw. 2016).  On November 22, 2016, Thompson was moved to the HCF medium facility special housing unit ("MSHU").  He immediately requested copies of the forms he needed to attend the MSHU law library or to use its legal kiosks and asked for his legal papers (which were stored for the move to the MSHU) to stay abreast of his

pending suit.  Thompson says that Smith told him that while he is in pre-trial disciplinary segregation, or if he is later found guilty and is sanctioned to disciplinary segregation, he may not visit the law library, use legal kiosks, receive mail, make and receive personal and legal phone calls, or retain his legal documents.  *See generally*, Compl., ECF No. 1; *see also* Pl.'s Mot. for Prelim. Inj., ECF No. 3.

Between November 22 and December 29, 2016, Thompson says he submitted "multiple written requests" to Sergeant Hope requesting law library and kiosk scheduling forms, legal and personal phone calls, mail delivery, and access to his legal documents, always explaining that he had a pending federal civil suit. ECF No. 1, PageId #4.  Thompson made these same requests verbally to Smith. Hope and Smith allegedly denied Thompson's requests.  Thompson says he is currently pursuing a grievance over these issues but Hope and Smith's alleged denials of grievance forms have delayed his efforts.[1]

---

[1] An inmate must exhaust his claims *before* commencing a civil suit.  *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016).  Failure to exhaust is an affirmative defense that defendants must raise and prove, however, the inmate must be allowed to explain his failure to exhaust.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014).  The court will not address this issue at this stage of litigation.

Thompson claims that Hope and Smith's actions violated his right to access the court and caused him an "actual injury" to Civ. No. 1:16-cv-00128. He seeks punitive damages, declaratory, and injunctive relief.

### III.  IFP APPLICATION

Thompson alleges that he is indigent and cannot pay the civil filing fee to commence this action. He says he is unable to provide the court with a copy of his trust account statement and prison certification of the amount in his account, because Hope and Smith refused to process his request.

In Civ. No. 1:16-cv-00128, Thompson submitted an IFP application that showed his account was in arrears and that he was indigent. Thompson is therefore aware that, as a prisoner, he is responsible for paying the civil filing fee regardless of the outcome of his suit. Because Thompson says that he cannot get the proper forms or certification from prison officials, and based on his claims in the Complaint, the Court provisionally GRANTS Thompson's IFP application.

The Department of Public Safety ("DPS") and HCF Warden are ORDERED to submit a copy of Thompson's six-month account balance and certificate showing the amount in his account as of the date of filing this action and to collect and remit to the court monthly payments equaling 20% of Thompson's preceding month's income or balance when his account exceeds $10.00, until the $350.00

civil filing fee applicable to those proceeding in forma pauperis is paid in full.  *See* 28 U.S.C. § 1915(b)(2).  These payments must be identified by the name and number assigned to this action.

## IV.  <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.    **Claims Against HCF and the City and County of Honolulu**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law."  *Oyama v. Univ. of Haw*., 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc*., 560 U.S.

413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Thompson names Hope and Smith in their individual and official capacities, and seeks damages and prospective injunctive relief.  Hope and Smith are alleged to be HCF prison guards, which is overseen by DPS, a state agency.  *See* http://dps.hawaii.gov.  These claims are sufficient to allege claims for injunctive relief against the State and for damages against Hope and Smith.

It appears that Thompson mistakenly alleges claims against the City and County of Honolulu, which generally has no jurisdiction over the conditions of confinement within a DPS facility.  Nothing within the Complaint suggests that the City and County of Honolulu is involved in Thompson's allegations.  Claims against the City and County of Honolulu are DISMISSED.

Moreover, claims under § 1983 must be directed at "persons," and neither a jail nor a prison facility is a "person" amenable to suit under § 1983.  *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that San Quentin Prison is not a "person" subject to suit under § 1983); *cf. Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (holding California Department of

7

Corrections and Board of Prison Terms are entitled to Eleventh Amendment

immunity).  HCF is not a person subject to suit under § 1983 and Thompson's

claims against HCF are DISMISSED.

## B.     Access to the Court

Inmates have a constitutional right to access the courts.  *Bounds v. Smith*,

430 U.S. 817, 821 (1977).  This right is limited to direct criminal appeals, habeas

petitions, and civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

Claims for denial of access to the courts may arise from the frustration or

hindrance of "a litigating opportunity yet to be gained" (forward-looking access

claim) or from the loss of a meritorious suit that cannot now be tried

(backward-looking claim).  *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

For backward-looking claims, a plaintiff "must show: (1) the loss of a

'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the

litigation; and (3) a remedy that may be awarded as recompense but that is not

otherwise available in a future suit."  *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th

Cir. 2007) (citing *Christopher*, 536 U.S. at 413-14), *overruled on other grounds

by Hust v. Phillips*, 555 U.S. 1150 (2009).

To have standing to bring this claim, Thompson must allege that he suffered

an actual injury.  *Lewis*, 518 U.S. at 351-52; *Vandelft v. Moses*, 31 F.3d 794, 798

(9th Cir. 1994).  That is, Thompson must show that he has been denied the ability to litigate a non-frivolous claim attacking a conviction, sentence, or conditions of confinement.  *Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 353 & n.3.  He need not show that he will be successful on the merits of his claims, but only that his claims are not frivolous.  *Allen v. Sakai*, 48 F.3d 1082, 1085-86 & n.12 (9th Cir. 1994).  The Court has determined that Thompson's claims in Civ. No. 1:16-cv-00128 are not frivolous, *id.*, ECF No. 5.

Inmates do not have a freestanding right to attend a law library or receive legal assistance, but prison officials must provide some means of ensuring their access to the courts or to otherwise redress grievances.  *Lewis*, 518 U.S. at 351.  Providing access to computer kiosks, legal books, treatises, cases, and court or prison grievance forms are other means to protect these rights.

Thompson states that Hope and Smith have denied him attendance at the law library, use of legal kiosks, court and grievance forms, certification of his trust account balance (which is normally required to proceed IFP in federal court), and his legal documents and mail.  He alleges this is interfering with his ability to litigate his claims in Civ. No. 1:16-cv-00128.  The docket in Civ. No. 1:16-cv-00128 shows that Thompson failed to respond to Defendant's November 18, 2016 First Request for Answers to Interrogatories.  *See* Mot., ECF No. 25-1.  Defendant

9

has now moved to compel this discovery.  *Id.*  Based on Thompson's timeline and allegations, this suggests the possibility that Thompson either did not receive Defendant's request, or if he received it, is unable to adequately respond due to the restrictions he describes.  This is sufficient to state a claim for interference with Thompson's right of access to the court and/or redress of grievances against Defendants Hope and Smith.  The Court orders the Complaint to be served on Defendants Hope and Smith and they SHALL file a response.

## V.  <u>SERVICE ORDER</u>

Service of the Complaint is appropriate for Defendants Henry Hope and Brandon Smith.

(1) The Clerk shall send Thompson one copy of the endorsed Complaint, two completed summons, two USM-285 forms, four Notice of Lawsuit and Request for Waiver of Service for Summons forms (AO 398), four Waiver of Service of Summons forms (AO 399), and an instruction sheet.  The Clerk shall send a copy of this order to the U.S. Marshal.

(2)  Plaintiff shall complete the forms and send them to the U.S. Marshal. Because Hope and Smith are DPS employees, Plaintiff should name Hope and Smith on the forms, **but address the forms to Shelley Nobriga, DPS Litigation Coordinator, 919 Ala Moana Blvd., 4th Floor Honolulu, HI 96814, and send**

10

**them to the U.S. Marshal.**  Ms. Nobriga is authorized to accept one complaint and the waiver of service forms for DPS Defendants.

(3)  The U.S. Marshal shall mail a copy of the Complaint, two completed Notice of Lawsuit and Request for Waiver of Service forms (AO 398), and **four** completed Waiver of Service of Summons forms (AO 399) (**two** for each defendant) to Ms. Nobriga.

(4)  The U.S. Marshal shall retain the summons and a copy of the Complaint.  Defendants shall return the Waiver of Service forms to the U.S. Marshal within thirty days from the date the requests are mailed.  If the Waiver of Service of Summons forms and requests for waiver of service are returned as undeliverable, the U.S. Marshal shall immediately file them with the court.

(5)  If Hope and Smith fail to return the Waiver of Service of Summons forms within thirty days, the U.S. Marshal shall personally serve them and command all necessary assistance from DPS.  Within ten days after personal service is effected, the U.S. Marshal shall file the return of service for Hope and Smith with evidence of any attempts to secure a waiver of service of summons and the costs incurred in effecting service.  These costs will be taxed against the personally-served Defendant.

(6)  Hope and Smith shall file an answer or responsive motion within sixty days after the request for waiver of service was sent (if formal service is waived), or twenty days after personal service.

(7)  Thompson shall inform the court of any change of address in writing. The notice shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute.

(8)  After the Complaint is served, Thompson's documents are deemed served on Defendants or their attorney(s) when they are electronically filed by the court.

## VI.  CONCLUSION

(1)  Thompson's IFP application is provisionally GRANTED.  DPS SHALL send a certification of the balance in Thompson's prison account to the court on or before **January 31, 2017.**  DPS shall thereafter collect and remit to the court monthly payments equaling 20% of Thompson's preceding month's income or balance when his account exceeds $10.00, until the $350.00 civil filing fee is paid in full.

(2)  Claims against the City and County of Honolulu and the Halawa Correctional Facility are DISMISSED.

(3)  Thompson SHALL request the U.S. Marshal to effect service on Defendants Hope and Smith as directed above.  The Clerk is DIRECTED to send

Thompson the service forms detailed above so that he may comply with this Order.

(4)  Hope and Smith SHALL file a response to Thompson's Complaint.

(5)  The Clerk is DIRECTED to send a copy of this order to Plaintiff, HCF Warden Francis Sequeira, DPS Litigation Coordinator Shelley Nobriga, Esq., the U.S. Marshal, and the District of Hawaii's Financial Department.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 18, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Thompson v. City and Cty. of Honolulu*, 1:17 cv 00002 JMS/KAC; Svc 2017